OPINION
This is an appeal from a decision of the Stark County Court of Common Pleas denying an injunction under R.C. § 709.07 requesting that an order be issued preventing the annexation to the City of North Canton from Plain Township of 12.758 R-1 acres (Oakshire Place No. 4) and 34.064 B-2, R-2 acres, which annexation had been approved by the Stark County Board of Commissioners.
Appellants present three Assignments of Error:
 I THE DECISION OF THE TRIAL COURT IS CONTRARY TO LAW, AN ABUSE OF JUDICIAL DISCRETION, AND AGAINST THE WEIGHT OF THE EVIDENCE AS THE PETITION FOR ANNEXATION SHOULD BE DENIED BECAUSE THE PETITION ITSELF IS INSUFFICIENT AS A MATTER OF LAW.
 II THE DECISION OF THE TRIAL COURT IS CONTRARY TO LAW, AN ABUSE OF JUDICIAL DISCRETION, AND AGAINST THE WEIGHT OF THE EVIDENCE AS THE APPELLANTS CLEARLY AND CONVINCINGLY DEMONSTRATED THAT THE GENERAL GOOD OF THE ENTIRE ANNEXATION TERRITORY WOULD NOT BE SERVED BY ANNEXATION TO THE CITY OF NORTH CANTON.
 III THE DECISION OF THE TRIAL COURT IS CONTRARY TO LAW, AN ABUSE OF DISCRETION, AND AGAINST THE WEIGHT OF THE EVIDENCE AS THE PLAIN TOWNSHIP TRUSTEES WOULD BE "ADVERSELY AFFECTED" BY THE ANNEXATION OF THIS PLAIN TOWNSHIP LAND TO THE CITY OF NORTH CANTON.
The facts indicate that a document as to annexation entitled "Petition of Intent" was submitted to residents of the 12.758 acres of R-1 residential lots.
While such was not circulated to the 15 owners of the 34.064 acre tract, three of these signed pursuant to an irrevocable power of attorney contained in an agreement with North Canton to provide water service.
The signed "Petition of Intent" was attached to an Annexation Petition submitted to the Board of Commissioners of Stark County. While the "Petition of Intent" did not contain a map or description of the territory proposed to be annexed, such was included in the petition submitted to the Commissioners.
The signatures equaled sixty-six percent of the owners of the included parcels of land.
The 34.064 acre tract abutted the boundaries of North Canton.
A public hearing with published notice thereof pursuant to R.C. §
709.031 was held on October 13, 1999.
None of the owners who did not sign testified, although affidavits were submitted.
Seven owners supporting annexation did testify.
None of the owners of property in the R-2, B-2, 34.064 acre parcel appeared except by affidavit.
After such public hearing the Commissioners approved the Annexation.
Within the sixty day time frame of R.C. § 709.07 a petition for injunction to prevent completion of the Annexation was filed with the Stark County Common Pleas Court.
Such was presented on the transcript, stipulation of facts, affidavits and briefs without further testimony.
The trial court denied the requested injunction. From this decision this appeal is taken.
Each of the three Assignments of Error contain certain identical assertions, to wit:
1. Abuse of discretion.
2. Against the manifest weight of the evidence.
The First Assignment of Error also states that the Annexation Petition was insufficient as a matter of law.
The Second Assignment of Error adds the issue as to the decision being contrary to law.
The Third Assignment of Error states, in addition, that the Plain Township Trustees would be adversely affected.
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
A court is not to substitute its discretion for that of the Commissioners unless an abuse of discretion is found. Decker v. Toledo,56 Ohio App. 344.
Also, wide discretionary power and authority rests in the Board of County Commissioners in reaching a conclusion on the evidence in annexation proceedings. Dabkowski v. Baumann, 175 Ohio St. 89
As to manifest weight of the evidence, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truckv. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279.
As the trial court based its decision on the transcript of the public hearing, stipulations and briefs we must first address the requirements which the Commissioners were to consider.
These are set forth in R.C. § 709.033:
[§ 709.03.3] § 709.033 Order for annexation.
 After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:
 (A) The petition contains all matter required in section 709.02 of the Revised Code.
 (B) Notice has been published as required by section 709.031 [709.03.1] of the Revised Code.
 (C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.
 (D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 [709.03.1] of the Revised Code.
 (E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted.
In order to narrow the issues to the specific Assignments of Error, we must first focus on certain conclusions drawn by appellants which are either assumptions of fact not based on testimony to the Commissioners, other stipulated exhibits or incorrect applications of law.
On page 3 of appellants' brief it is stated that none of the fifteen owners in the B-2, R-2 area signed the petition of their own accord. On page 17 it states that the Water Agreement purportedly gave the ability to consent on their behalf. This is incorrect as the three who granted their irrevocable power of attorney in the Water Agreement did, by this power, authorize their consent.
On page 5 of such brief it is stated "the property owners in this area (the R-1) understood this annexation to include their residential neighborhood only." No evidence supports the conclusion that any such understanding applied to all of the signators.
On page 7 of the brief it is stated that proof by the clear and convincing standard is required showing that the annexation would adversely affect the rights of any one of the petitioners. This is not the law. Revised Code § 709.033 provides that the general good of the territory sought to be annexed is required, not that any singular individual would be adversely affected.
On page 10 it ascribes nearly limitless powers to the agent for the petitioners. Clearly, the naming of an agent as required by R.C. §709.02 does not grant limitless powers as such person is merely a representative of the owners who signed for purposes of submission and proceeding with the annexation.
On page 11 it is stated that "moreover, because this particular agency deals with the principals' interest in real estate, the agency agreement must be in writing, pursuant to the Statute of Frauds. The Agency in question does not relate to interests in real estate making it subject to the Statute of Frauds.
As to the alleged misrepresentation on page 12 and that such was coercive, against public policy and therefore rendered the petition insufficient as a matter of law, no evidence or supporting law underlies these conclusions and as stated previously, no owner raised this issue at the hearing.
It could just as easily have been concluded that the statement, that both husbands and wives must sign, related to the ownership rights of each rather than considering the marriage partners as an entity. Clearly, nothing in the evidence considered by the trial court supports the conclusion of misrepresentation.
On page 20 it is stated that the trial court relied on "bad law" in determining that one may not infer opposition because the signature is lacking.
It further states that the lack of a signature is clear and convincing evidence that the owner did not want to be included.
This is not an accurate statement. Obviously, neither support nor opposition may necessarily be inferred. In fact, testimony of Michael Lintner on page 27 of the transcript is to the effect that he did not sign when first approached but that this did not mean he was opposed.
 I
Directing our attention to the First Assignment of Error.
The first assertion is that the Petition of the Board of Commissioners was insufficient and not in compliance with R.C. § 709.02 in that it was entitled "Petition of Intent".
It must be noted that the requirements of R.C. § 709.02 relate to the petition filed with the Commissioners, not with the heading of the petition being circulated. The "Petition of Intent" was attached to the petition filed and was found by the Commissioners to meet the requirements. No opposition to this title was raised at the public hearing by any owner.
The same requirement of such statute as to a map and description being attached applies to the petition filed, not to the circulated petition and again, without owners objection or withdrawal of signature pursuant to R.C. § 709.03, the Board approved the requirements of the filed petition.
The next argument addresses the appointment of the Agent for Petitioners as required by R.C. § 709.02. Nothing in the statute addresses the manner of appointment. Clearly, the purpose of the Agent is to represent the signers of the petition in the processing of the annexation request and nothing more.
The Agent notified the signers of his being named as such for the signers. Since the Agent is acting as such for the Petitioners and not those opposed to annexation, the affidavits of Rhodes and Regan are immaterial as they, being in opposition were not petitioners and not represented by Mr. Goldthorpe. If any signer objected to his acting as agent, such person could have withdrawn or objected at the public hearing.
Further, we agree with Smith v. Scarborough (1981), 1981WL5327 (Ohio App. 2nd Dist.) that no conflict of interest exists.
The allegations as to Mr. Goldthorpe's relationship with North Canton are not a matter of evidence. However, assuming this to be accurate, a Municipal Corporation may assist owners in annexation. In Re: Annexationof 118.7 Acres in Miami Township, 52 Ohio St.3d 124.
The general requirements as to disclosure, undivided loyalty etc. as to an agent and his principal are misplaced in this limited purpose agency with the statutory safeguards of R.C. § 709.03 and § 709.032.
We have addressed the allegations of misrepresentation in our brief opening remarks and find no evidence supports this conclusion.
Revised Code § 709.032 provides an opportunity for any owner to inform the Commissioners that his or her signature was obtained through misrepresentation. None so testified.
We therefore conclude that, as to the First Assignment of Error that the trial court committed no abuse of discretion, that there was sufficient evidence to support the Judgment and that the filed Petition, as determined by the Commissioners complied with the legal requirements.
The First Assignment of Error is denied.
 II
As to the Second Assignment of Error, we have answered the assertions of the Petition being contrary to law, an abuse of discretion and against the weight of the evidence in our prior remarks as to the First Assignment of Error. These arguments are rejected as to the Second Assignment of Error.
The conclusion that the annexation did not serve the general good of the area is not supported by the presentation before the Commissioners.
The reliance upon In Re: Petition for Annexation of 948.885 Acres fromLemmon Township, 106 Ohio App.3d 289 (Butler County 1995) is misplaced. There are distinctions both from physical and procedural standpoints. In the Butler County case a creek separated the parcels. Twenty-five signers of the south parcel withdrew their signatures. Also, this was a R.C. § 2506 appeal which is totally different than the case subjudice.
As the trial court determined, In Re: Annexation of 555.439 Acres ofSugarcreek Township, 1985WL7671 (Ohio App.2d Dist.) also is not supportive. This also was a R.C. § 2106 appeal and involved thirty-five residential acres and five-hundred and twenty acres of residential, undeveloped land with no owners of the latter having signed in support.
This Second Assignment of Error is not well taken and is also rejected.
 III
The Third Assignment of Error again raises those issues of contrary to law, abuse of discretion and against the manifest weight of the evidence addressed and rejected heretofore.
The only addition is the claim that the Plain Township Trustees would be adversely affected.
There is no requirement in the Statutes of Annexation as to Trustees being affected. If this Assignment intended to refer to Plain Township rather than such elected officials, it also is not supported. There was ample evidence before the Commissioners to determine that the general good of the area would be served. While Plain Township officials and their counsel opposed the annexation the only owners who spoke amply attested to the general good.
We therefore reject the Third Assignment of Error and in affirming rely on the well reasoned opinion of Judge Lioi.
The judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Common Pleas Court, Stark County, Ohio is Affirmed. Costs to Appellant.
BOGGINS, J., EDWARDS, P.J., WISE, J. concur